**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**FEB 11 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ARNOLD GENE LONG,

      Petitioner-Appellant,

v.

LENORA JORDAN, Warden;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 03-6230
(D.C. No. 02-CV-1713-F)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **KELLY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Arnold G. Long, proceeding *pro se*, appeals the district court's order denying his petition for habeas corpus relief under 28 U.S.C. § 2254. Petitioner was convicted by a jury in Oklahoma state court of possession of drugs with intent to distribute, possession of drug paraphernalia, and maintaining a dwelling house where a controlled dangerous substance is kept. His appeal to the Oklahoma Court of Criminal Appeals was denied. He then filed this § 2254 petition, raising the same issues previously raised in state court. The magistrate judge issued a comprehensive and well-reasoned twenty page report recommending that relief be denied, which was adopted by the district court.

This court granted a certificate of appealability to consider the issues raised by petitioner, namely, whether (1) his trial counsel rendered constitutionally ineffective assistance in violation of the Sixth Amendment, and (2) evidence obtained through a search warrant executed upon his home was obtained in violation of the Fourth Amendment. Petitioner alleges that his trial counsel had a conflict of interest because he represented both petitioner and his wife, a co-defendant, at trial. Petitioner also claims his trial counsel failed to properly investigate and prepare for trial, and failed to object to the admission of certain evidence and to comments by the prosecutor. Petitioner further alleges that the search warrant used by police to enter and search his home was invalid because it was based on information from an anonymous informant whose information was

corroborated by what petitioner claims was an impermissible search of his trash cans, which were sitting on the curbside of his home.

Because the claims asserted here were adjudicated on the merits by the state court, no writ of habeas corpus may issue unless the decision of the state court either was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *see also Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000). "In conducting this inquiry, we presume the factual findings of the state trial and appellate courts are correct, and we place on the petitioner the burden of rebutting this presumption by clear and convincing evidence." *Turrentine v. Mullin*, 390 F.3d 1181, 1188-89 (10th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)). "We review de novo the district court's legal analysis of the state court decision." *Id.*

Having reviewed the briefs, the record, and the standards applicable to petitions for a writ of habeas corpus, we conclude that petitioner has raised no ground for a writ to issue in this case. With the exception of one issue not addressed by the magistrate judge, we AFFIRM the denial of petitioner's petition for substantially the same reasons stated by the magistrate judge in his Report and

Recommendation filed June 23, 2003, and the district court's order filed August 19, 2003.

The magistrate judge's report did not address petitioner's claim that his counsel rendered ineffective assistance by failing to file a motion to suppress based on the affidavit used to procure the search warrant. Although under *Stone v. Powell*, 428 U.S. 465, 494 (1976), petitioner may not raise a Fourth Amendment claim on collateral review if he had a full and fair opportunity to litigate those issues in state court, he may raise the issue to support an ineffective assistance of counsel claim. *Kimmelman v. Morrison*, 477 U.S. 365, 375, 382-83 (1986).

Petitioner's ineffective assistance claim fails because he was not prejudiced by his trial counsel's failure to challenge the use of the anonymous informant, the warrantless search of the trash cans, or whether the affidavit supported a probable cause finding. First, "[w]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." *United States v. Artez*, 389 F.3d 1106, 1111 (10th Cir. 2004) (quotation omitted). Second, the Fourth Amendment does not prohibit a warrantless search and seizure of garbage left at the curb outside a home. *California v. Greenwood*, 486 U.S. 35, 39-40 (1988). Third, discovery of drug residue in a suspect's trash can provide a basis for crediting an anonymous

informant's assertions. *See United States v. Le*, 173 F.3d 1258, 1266 (10th Cir. 1999). Contrary to petitioner's contentions, the anonymous tip was sufficiently corroborated, the warrantless search of the city-issued trash cans outside his home did not violate the Fourth Amendment, and there was sufficient probable cause to obtain a search warrant. He has therefore failed to establish an ineffective assistance claim based on his counsel's failure to raise this issue on a suppression motion.

In sum, we AFFIRM the judgment of the district court.

Entered for the Court

Stephanie K. Seymour
Circuit Judge